UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FRANCISCO VIDAL,

    Plaintiff,

v.

J. LINDSEY et al.,

    Defendants.

Case No. 2:19-cv-01334-JAD-BNW

**Order and Report & Recommendation**

Presently before the Court are plaintiff Francisco Vidal's civil rights complaint (ECF No. 1-1), motion to proceed in forma pauperis (ECF No. 5), and motion for a copy of the complaint (ECF No. 10). The Court has screened Vidal's complaint, pursuant to 28 U.S.C. § 1915A(a). Vidal alleges that defendants violated his rights under the Fourth Amendment to the United States Constitution and, by extension, 42 U.S.C. § 1983. Vidal's allegations, if proven true, necessarily undermine the validity of his state court conviction. Therefore, the Court will recommend that the district judge dismiss Vidal's complaint with prejudice.

**I.    Background.**

Vidal is an inmate at High Desert State Prison. (ECF No. 10.)[1] Vidal's allegations stem entirely from a search and seizure of his home that resulted in his arrest. (*Id.* at 1-1.) Vidal alleges that defendants J. Lindsey and J. Reinert began surveilling his home on July 3, 2019. (*Id.* at 3.) Lindsey and Reinert, according to Vidal, learned that Vidal was inside his residence, waiting to meet an individual who was interested in purchasing Vidal's stereo equipment. (*Id.* at 3.)

---

[1] Vidal's address is no longer valid. He will be ordered to update his address with the Court. *See* LR IA 3-1.

Vidal supposedly received a message from the buyer, who told Vidal that he was arriving at Vidal's home. (*Id.* at 4.) While Vidal prepared to meet the purchaser, Vidal heard loud banging and crashing from the living room area. (*Id.*) Vidal alleges that he was consumed by fear as Lindsey, Reinert, and other officers broke through the residence's windows and doors and entered the home. (*Id.* at 5.) Vidal asserts that these actions violated his rights under the Fourth Amendment to the United States Constitution because they constituted a search and seizure for which defendants lacked probable cause. (*Id.* at 6.)

## II.  FORMA PAUPERIS

Vidal submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. (ECF No. 5.) Vidal's request to proceed in forma pauperis will therefore be granted.

## III.  SCREENING

Courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

1 | In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Vidal seeks damages under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights. If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying conviction or sentence has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). For example, the plaintiff in *Heck* asserted claims of unlawful arrest, false imprisonment, and prosecutorial misconduct. *Id.* at 478–79. If the plaintiff cannot demonstrate that the underlying conviction or sentence has already been invalidated, then "the complaint must be dismissed." *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114).

Vidal's complaint undermines the validity of his criminal conviction because he asserts that defendants' actions—which led to his arrest—violated his right to be free from unreasonable search and seizure. The Ninth Circuit has recognized that *Heck* extends to Fourth Amendment search and seizure claims. *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011) (concluding that plaintiffs' § 1983 claims implied "that there was no probable cause to search for weapons" which undermined "the invalidity of their state court convictions"). Vidal does not allege that his conviction or sentence has been reversed or otherwise invalidated. Given that

Vidal's claims necessarily imply the invalidity of his conviction or sentence, the court will recommend that Vidal's complaint be dismissed without leave to amend.[2]

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that the complaint be DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Vidal's motion to proceed in forma pauperis (ECF No. 5) is GRANTED.

IT IS FURTHER ORDERED that Vidal's motion for a copy of the complaint (ECF No. 10) is DENIED.

IT IS FURTHER ORDERED that Vidal update his current address with the Court.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 7, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[2] Given the Court's recommendation that Vidal's complaint be dismissed with prejudice, the Court will order that his motion for a copy of his complaint be denied.

Additionally, Vidal purports to assert the Fourth Amendment rights of homeowner Sandra Scharas. (ECF No. 1-1.) Pro se litigants do not have the authority to represent anyone other than themselves. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

4