# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

FRANCISCO VIDAL,

    Plaintiff,

v.

J. LINDSEY et al.,

    Defendants.

Case No. 2:19-cv-01334-JAD-BNW

**Order**

Presently before the Court are plaintiff Francisco Vidal's civil rights complaint (ECF No. 1-1), motion to proceed in forma pauperis (ECF No. 5), and motion for a copy of the complaint (ECF No. 10). The Court has screened Vidal's complaint, pursuant to 28 U.S.C. § 1915A(a). Vidal alleges that defendants violated his rights under the Fourth Amendment to the United States Constitution and, by extension, 42 U.S.C. § 1983. Vidal's allegations, if proven true, necessarily undermine the validity of his confinement. Therefore, the Court will order that the complaint be dismissed without prejudice and with leave to amend. The Court will deny the motion for a copy of the complaint until the Court is able to screen Vidal's amended complaint, but it will grant Vidal's motion to proceed in forma pauperis.

**I.    Background.**

Vidal is an inmate at High Desert State Prison. (ECF No. 10.)[1] Vidal's allegations stem entirely from a search and seizure of his home that resulted in his arrest. (*Id.* at 1-1.) Vidal alleges that defendants J. Lindsey and J. Reinert began surveilling his home on July 3, 2019. (*Id.*

---

[1] Vidal's address is no longer valid. He will be ordered to update his address with the Court. *See* LR IA 3-1.

at 3.)² Lindsey and Reinert, according to Vidal, learned that Vidal was inside his residence, waiting to meet an individual who was interested in purchasing Vidal's stereo equipment. (*Id.* at 3.)

Vidal supposedly received a message from the buyer, who told Vidal that he was arriving at Vidal's home. (*Id.* at 4.) While Vidal prepared to meet the purchaser, Vidal heard loud banging and crashing from the living room area. (*Id.*) Vidal alleges that he was consumed by fear as Lindsey, Reinert, and other officers broke through the residence's windows and doors and entered the home. (*Id.* at 5.) Vidal asserts that these actions violated his rights under the Fourth Amendment to the United States Constitution because they constituted a search and seizure for which defendants lacked probable cause. (*Id.* at 6.)

**II.  FORMA PAUPERIS**

Vidal submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. (ECF No. 5.) Vidal's request to proceed in forma pauperis will therefore be granted.

**III.  SCREENING**

Courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

---

² Vidal denotes Lindsey and Reinert as "NV P&P Officers." *See* ECF No. 1-1 at 1. Based on the fact that plaintiff also sued the Board of Parole Commissioners, it appears to the Court that "P&P" is shorthand for "parole and probation."

1  F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient
2  factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See*
3  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and
4  may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in
5  support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908
6  (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

7  In considering whether the complaint is sufficient to state a claim, all allegations of
8  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
9  *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
10 Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
11 must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
12 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*
13 Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se
14 plaintiff should be given leave to amend the complaint with notice regarding the complaint's
15 deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

16 Here, the Court construes Vidal's complaint as asserting claims for damages under 42
17 U.S.C. § 1983 for violation of—and conspiracy to violate—his Fourth Amendment rights. If a
18 § 1983 case seeking damages alleges constitutional violations that would necessarily imply the
19 invalidity of a conviction or sentence, the prisoner must establish that the underlying conviction
20 or sentence has been invalidated on appeal, by habeas petition, or through a similar proceeding.
21 *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). The Ninth Circuit has held that *Heck*
22 applies with equal force in the context of parole and probation. *Butterfield v. Bail*, 120 F.3d
23 1023, 1024 (9th Cir. 1997) ("We have no difficulty in concluding that a challenge to the
24 procedures used in the denial of parole necessarily implicated the validity of the denial of parole
25 and, therefore, the prisoner's continuing confinement.") (citation omitted); *Baskett v. Papini*, 245
26 Fed. Appx. 677, 2007 WL 2457479, at *1 (9th Cir. Aug. 21, 2007) (affirming a *Heck* denial
27 because the complaint "necessarily call[ed] into question the validity of the probation revocation"
28 and plaintiff "failed to allege that his sentence has been invalidated.") (unpublished); *see also*

*Zupan v. Brown*, 5 F. Supp. 2d 792, 795 (N.D. Cal. 1998) ("the Court finds that the requirements of *Heck* apply with equal force to parole revocations as to convictions.").

Further, *Heck* extends to Fourth Amendment search and seizure claims. *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011) (concluding that plaintiffs' § 1983 claims implied "that there was no probable cause to search for weapons," which undermined "the invalidity of their state court convictions"). Therefore, if a plaintiff's § 1983 claim is premised on a Fourth Amendment search and seizure that underlies plaintiff's parole violation conviction, the plaintiff must allege "that his parole violation convictions have been overturned or otherwise favorably terminated in [p]laintiff's favor." *Peterson v. Buyard*, No. 1:19-cv-00235-DAD-EPG, 2019 WL 4917721 (E.D. Cal. Oct. 4, 2019) (collecting cases). Otherwise, if the plaintiff cannot demonstrate that the underlying conviction has already been invalidated, then "the complaint must be dismissed." *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114).

Here, it appears to the Court that Vidal's complaint undermines the validity of his confinement. Vidal asserts that the search and seizure was conducted by Nevada parole and probation officers. This allegation implies that defendants were enforcing or monitoring Vidal's conditions of parole or probation. Vidal claims that defendants' search—which led to his arrest—violated his right to be free from unreasonable search and seizure. However, Vidal does not allege that his conviction for violating parole or probation has been invalidated. Without this allegation, Vidal's complaint is barred by *Heck*. Indeed, the complaint does not even indicate whether a parole or probation revocation hearing took place.

Based on the Court's construction of Vidal's complaint, Vidal's claims necessarily imply the invalidity of his confinement. Therefore, the Court will order that the complaint be dismissed without prejudice.[3] If Vidal desires to file a new complaint, he must do so by March 4, 2020. Further, if Vidal chooses to file a new complaint, he must allege whether he was subject to any

---

[3] Given the Court's order that Vidal's complaint be dismissed without prejudice, the Court will order that his motion for a copy of his complaint be denied.

4

conditions of parole or probation during the time of defendants' actions and whether the defendants' actions are related—or supposedly related—to those conditions.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the complaint be DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Vidal's motion to proceed in forma pauperis (ECF No. 5) is GRANTED.

IT IS FURTHER ORDERED that Vidal's motion for a copy of the complaint (ECF No. 10) is DENIED without prejudice. If Vidal desires to file an amended complaint, he must do so by March 4, 2020, and the complaint must be consistent with this Court's order.

IT IS FURTHER ORDERED that Vidal update his current address with the Court.

DATED: February 19, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE