# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Franciso Vidal and Sandra Scharas,<br><br>    Plaintiffs<br>v.<br><br>J. Lindsey, et al.,<br><br>    Defendants | Case No. 2:19-cv-01334-JAD-BNW<br><br>**Order Adopting in Part Report and Recommendation and Dismissing Claims by Plaintiff Sandra Scharas**<br><br>[ECF No. 30] |

Plaintiffs Francisco Vidal and Sandra Scharas filed this civil-rights action to challenge alleged constitutional-rights violations by state parole officers. On June 2, 2020, the magistrate judge ordered Vidal and Scharas to update their mailing addresses by June 24, 2020, or have their claims dismissed.[1] When no updates were provided by that deadline, the magistrate judge issued a recommendation on June 29, 2020, that plaintiffs' claims be dismissed.[2] That same day, Vidal updated his mailing address—five days late.[3] Scharas still has not updated her address, and any objections to the magistrate judge's dismissal recommendation were due July 13, 2020; none were filed. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[4] Although I will excuse the tardiness of Vidal's update, with the caveat that this court's deadlines must be strictly complied with in the future, I dismiss Scharas's claims based on her failure to update her address.

---

[1] ECF No. 28.

[2] ECF No. 30.

[3] ECF No. 31.

[4] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

A court may dismiss an action based on a party's failure to prosecute her case or obey a court order.[5] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[8] and that warning was given here.[9] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

---

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[9] ECF No. 28.

Accordingly, IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 5] is ADOPTED** in part. Although I excuse Vidal's late compliance with the address-update order, **I DISMISS SCHARAS'S CLAIMS without prejudice for failure to comply with the court's order. This case proceeds to screening with Vidal as the only plaintiff.** Vidal is hereby notified that <u>the screening process will take several months.</u>

Dated: July 15, 2020

_____
U.S. District Judge Jennifer A. Dorsey