1

2

3                   **UNITED STATES DISTRICT COURT**

4                        **DISTRICT OF NEVADA**

5                                  * * *

6    Francisco Vidal, et al.,                      Case No. Case 2:19-cv-01334-JAD-BNW

7                      Plaintiffs,

8         v.                                       **SCREENING ORDER & REPORT
                                                   AND RECOMMENDATION**
9    J. Lindsey, et al.,

10                    Defendants.

11

12        Presently before the Court is pro-se Plaintiff Francisco Vidal's class action complaint,

13   filed on March 5, 2020. ECF No. 23. Vidal attempts to bring this class action on behalf of the

14   public against various state officials, state entities, and police officers for conducting warrantless

15

16   searches. *Id*. at 4.

17        For the reasons discussed below, the Court will recommend dismissal of Vidal's claims to

18   the extent he seeks to bring them on behalf of a class. The Court will also dismiss Vidal's

19   individual claims against the Las Vegas Metropolitan Police Department ("LVMPD"), Nevada

20   Parole and Probation, Sheriff Joe Lombardo, Governor Sisolak, Public Safety Director Wright,

21   and all police officers in their official capacity without prejudice and with leave to amend. The

22   Court will order Vidal's Section 1983 claims for conducting an unreasonable search under the

23   Fourth Amendment to proceed against Officers Lindsey, Scott, Gaddis, Reinert, Does, and Sgt.

24   Zimmerman. The Court will order Vidal's Section 1983 claims for unlawful arrest to proceed

25   against Officers Reinert, Scott, Gaddis, and Sgt. Zimmerman. And the Court will dismiss Vidal's

26

27   conspiracy claims without prejudice and with leave to amend.

28

**I.    BACKGROUND**

By way of background, Francisco Vidal and Sandra Scharas previously filed a complaint

and a request for emergency injunctive relief on August 1, 2019.[1] ECF No. 2. Plaintiffs' brought a

claim under Section 1983 based on an alleged warrantless search in violation of the Fourth

Amendment. *Id*. at 2.

The Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed

Plaintiffs' complaint without prejudice and with leave to amend on February 19, 2020. ECF No.

13. The Court found that Vidal's Section 1983 claim appeared to be barred by *Heck v. Humphrey*.

ECF No. 13 at 3; *see* 512 U.S. 477, 483-87 (1994). Vidal's claim implied the invalidity of his

confinement, but Vidal did not allege that his conviction for violating parole had been

invalidated. ECF No. 13 at 4. To properly amend his complaint, the Court required Vidal to allege

whether he was subject to parole or probation conditions during the time of defendants' actions

and whether the defendants' actions were related to those conditions. *Id*. at 4-5.

Vidal then filed the present putative class action complaint. ECF No. 23. In his complaint,

Vidal addresses *Heck*. *Id*. at 11, 13. Vidal seeks damages and class-wide injunctive relief for

defendants' alleged violations of Vidal's and the public's Fourth Amendment rights. *Id*. at 17.

**II.    ANALYSIS**

**A.    Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint

under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims

and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be

granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

---

[1] On July 15, 2020, the Court dismissed Scharas' claim without prejudice for failure to update her
mailing address. ECF No. 32.

1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its face." *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and

may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908

(9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of

material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

*Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

plaintiff should be given leave to amend the complaint with notice regarding the complaint's

deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B.      Class Action Claims

As an initial matter, the Court will address Vidal's' request to certify a class. ECF No. 23

at 4. It appears that Vidal wishes to certify a class composed of the public to bar the LVMPD

from conducting warrantless searches at residential homes. *Id*. at 4.

The Court recommends Vidal's claims be denied to the extent he seeks to bring them on

behalf of a class. Pro se plaintiffs are not qualified to protect the interests of a class. *See Simon v.*

*Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (right to proceed *pro se* is personal to the

litigant and does not extend to other parties). For that reason, pro-se plaintiffs are generally barred

from representing others in a class-action suit. *Id.*; *Russell v. United States*, 308 F.2d 78, 79 (9th

Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other

than himself."); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer did not

have authority to represent a class). Accordingly, the Court recommends that Plaintiff's claims be

denied to the extent he seeks to bring them on behalf of a class.

The Court next screens Vidal's individual claims.

### C.    *Heck* Bar

Here, the Court construes Vidal's complaint as asserting individual claims under 42

U.S.C. § 1983. If a Section 1983 claim necessarily implies the invalidity of a conviction,

sentence, or parole revocation, the plaintiff must establish that the underlying conviction,

sentence, or parole revocation has been invalidated on appeal, by habeas petition, or through a

similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994); *Butterfield v. Bail*, 120

F.3d 1023, 1024 (9th Cir. 1997).

Based on Vidal's pleadings, the Court does not find that *Heck* bars Vidal's claims. *See* 512

U.S at 483-87. Vidal's Section 1983 claim does not imply the invalidity of a conviction, sentence, or

parole violation because Vidal alleges that the violations were dismissed and the parole board

reinstated the terms of his release. ECF No. 23 at 11. The Court will, therefore, continue to screen

Vidal's underlying claims.

### D.    42 U.S.C. § 1983 and Conspiracy Claims

Vidal attempts to bring Section 1983 claims against the LVMPD, Nevada Parole and

Probation, Sheriff Lombardo, Governor Sisolak, James Wright, Director of Public Safety, and

several LVMPD officers. ECF No. 23 at 2-4.

a.      **Section 1983 Claims Against the LVMPD and Nevada Parole and Probation**

Vidal alleges that the LVMPD is "victimizing the public." ECF No. 23 at 2. Vidal alleges that Nevada Parole and Probation officers are "victimizing [the] public with complete malice and disregard to citizens' rights." *Id*. at 4.

A local government entity may be liable under Section 1983 "where the alleged constitutional deprivation was inflicted pursuant to an official policy or custom." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001).

Here, the Court will order Vidal's Section 1983 claims against the LVMPD and Nevada Parole and Probation be dismissed without prejudice and with leave to amend. Vidal's assertions that the defendants victimize the public are conclusory. ECF No. 23 at 2, 4; *see Twombly*, 550 U.S. at 555. Even liberally construing Vidal's claim, Vidal failed to plead sufficient facts that the LVMPD and Nevada Parole and Probation violated *his* rights under an "official policy or custom." *See Iqbal*, 556 U.S. at 678; *Arpin*, 261 F.3d at 921.

If Vidal wishes to amend his complaint to bring a Section 1983 claim against the LVMPD or Nevada Parole and Probation, he must plead sufficient facts to show that the department deprived him of his constitutional rights under an official policy or custom.

b.      **Section 1983 Claims against Joe Lombardo, Clark County Sheriff**

Vidal attempts to bring a Section 1983 claim against Sheriff Lombardo for his alleged intentional failure to supervise and train officers. ECF No. 23 at 2.

"Supervisors aren't vicariously liable for constitutional violations under section 1983." *Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir. 2014). But supervisors may be liable for their own conduct. *Id*.

Here, the Court will dismiss Vidal's claim against Sheriff Lombardo for failure to state a claim upon which relief can be granted. Section 1983 prohibits the Court from imposing vicarious

1
2
3
4

liability on Sheriff Lombardo as a supervisor, and Vidal does not allege that Sheriff Lombardo

was personally involved in violating Vidal's rights. *See* ECF No. 23; *Peralta*, 744 F.3d at 1085.

The Court will grant Vidal leave to amend this claim if he can allege that Sheriff Lombardo was

personally involved in violating his rights.

5

### c.       Section 1983 Claim Against Governor Sisolak

6
7

Vidal attempts to bring a Section 1983 claim against Governor Sisolak for "letting [the

8

LVMPD] and public safety officers victimize Nevadans." ECF No. 23 at 2.

9

A state official "must play a personal role in the constitutional deprivation to be liable

10

[under section 1983]." *Redman v. Cty. Of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991).

11

Section 1983 does not impose vicarious liability on state officials for "acts of lower official in the

12

absence of a state law imposing such liability." *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

13

1978).

14
15

Here, the Court will dismiss Vidal's claim against Governor Sisolak for failure to state a

16

claim for which relief can be granted. Vidal does not allege that Governor Sisolak "played a

17

personal role" in depriving Vidal of his Fourth Amendment rights. *See Redman*, 942 F.2d at 1446.

18

The Court will grant Vidal leave to amend this claim if he can allege that Governor Sisolak was

19

personally involved in violating his rights.

20
21

### d.       Section 1983 Claims Against James Wright, Director of Public Safety

22

Vidal attempts to bring a Section 1983 claim against James Wright, Director of Public

23

Safety, for failing to supervise and train officers. ECF No. 23 at 3.

24

The Court will dismiss Vidal's claim against Mr. Wright for failure to state a claim upon

25
26

which relief can be granted. Section 1983 prohibits the Court from imposing vicarious liability on

supervisors, and Vidal does not allege that Mr. Wright was personally involved in violating

27
28

Vidal's rights. *See* ECF No. 23; *Peralta*, 744 F.3d at 1085. The Court will grant Vidal leave to amend this claim if he can allege that Mr. Wright was personally involved in violating his rights.

### e.      Claims Against Officers in their Official Capacities

Vidal attempts brings Section 1983 claims against Officers Lindsey, Reinert, Scott, Gaddis, Does and Sgt. Zimmerman in their official capacities, seeking punitive damages. ECF No. 23 at 3-4, 17.

"A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself." *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996). However, municipalities are immune from punitive damages. *Id*.

Here, Vidal fails to state a claim upon which relief can be granted because officers cannot be held liable for punitive damages in their official capacities. *See Mitchell*, 75 F.3d at 527. Accordingly, the Court will dismiss Vidal's claims against Officers Lindsey, Reinert, Scott, Gaddis, Does and Sgt. Zimmerman for actions taken in their official capacity without prejudice and with leave to amend.

### f.      Claims Against Officers in their Individual Capacities

Vidal also brings Section 1983 claims against Officers Lindsey, Reinert, Scott, Gaddis, Does, and Sgt. Zimmerman in their individual capacities. ECF No. 23 at 3-4. Vidal asserts that officers violated and conspired to violate his Fourth Amendment rights by conducting an unreasonable search and unlawful arrest. *Id*. at 4-5, 12.

Vidal alleges that officers searched his home without a warrant or probable cause, resulting in his arrest. *Id*. at 10. At the time, Vidal was on parole and subject to the condition that he submit to searches by his parole officer at any time. *Id*. at 13.

Vidal alleges that officers began surveilling his home on July 3, 2019. *Id*. at 10. Vidal alleges an officer then contacted Vidal about stereo equipment he was selling, posing as a

1  customer. *Id*. at 6. Vidal alleges that officers then forcibly entered his home and arrested him,

2  causing property damage. *Id*. at 10. Vidal asserts that Officers Lindsey admits to "unauthorized

3  entry." *Id*. at 11. Vidal alleges that Officers Lindsey, Reinert, and Does disregarded Vidal's rights

4  and property. *Id*. at 11. Vidal attaches a police report that states Sgt. Zimmerman, and Officers

5  Scott, Gaddis and Reinert entered Vidal's home and arrested him. *Id*. at 14-15.

6
### i.    Unreasonable Search

7
8  The Fourth Amendment protects the right of the people to be free from unreasonable

9  searches and seizures. U.S. Const., amend. IV. "[A] violation [of the Fourth Amendment] occurs

10  when government officers violate a person's 'reasonable expectation of privacy.'" *United States*

11  *v. Jones*, 565 U.S. 400, 406 (2012).

12  "[P]arolees . . . have severely diminished expectations of privacy by virtue of their status

13  alone." *Samson v. California*, 547 U.S. 843, 852 (2006). For that reason, parole officers are not

14
15  required to obtain warrants before conducting a search of a parolee. *Latta v. Fitzharris*, 521 F.2d

16  246, 250 (9th Cir. 1975).

17  However, the Ninth Circuit has held that searches conducted by a parole officer "may be

18  so unreasonable as to require that the search be held to violate the Fourth Amendment," such as if

19  it was conducted to harass or intimidate. *Latta*, 521 F.2d at 252.  Parole officers may not "conduct

20  full-blown searches of parolees' homes whenever and as often as they feel like it." *Id.*

21  In Nevada, "[t]o justify a warrantless search by a parole or probation officer, the officer

22  must have reasonable grounds to believe that a violation of the parole or probation has occurred."

23  *Seim v. State*, 95 Nev. 89, 94 (1979). "[E]even a 'hunch,' if reasonable and held in good faith,

24  would justify a search of a parolee's home." *Id*.

25
26
27
28

Here, officers did not need to obtain a warrant before searching Vidal's home because Vidal was on parole and had agreed to "submit to search[es] by [his] parole officer at any time." ECF No. 23 at 13; *See Himmage*, 88 Nev. at 299.

Still, the Court finds that Vidal pleads sufficient facts to state a colorable Section 1983 claim for an unreasonable search under the Fourth Amendment against Officers Lindsey, Scott, Gaddis, Reinert, Does, and Sgt. Zimmerman.

Vidal pleads sufficient facts to show that these officers were involved in searching Vidal's home. Vidal alleges that Officer Lindsey admits to "unauthorized entry." ECF No. 23 at 11. Vidal attaches a police report that states Officers Scott, Gaddis, Reinert, and Sgt. Zimmerman "made entry into the residence." *Id*. at 15.  Vidal alleges that Officers Does, along with Lindsey and Reinert, disregarded Vidal's rights and property. *Id*. at 11. In the same paragraph, Vidal seeks damages from "each officer who entered the home . . . ." *Id*.

Liberally construing Vidal's pleadings, it is plausible that officers searched Vidal's home without reasonable grounds to believe a parole violation occurred. First, Vidal alleges he was at his home at the time of the search, selling stereo equipment to an officer disguised as a customer. *Id*. at 6-8. Second, Vidal was not convicted of a crime as a result of the search. ECF No. 23 at 11. Third, Vidal alleges that the parole board quashed the retake warrant. *Id*.  Fourth, the police report Vidal attaches to his complaint does not suggest officers suspected Vidal of committing an offense or parole violation. *Id*. at 10-11. Therefore, the Court will order that Vidal's Section 1983 claim for conducting an unreasonable search under the Fourth Amendment to proceed against Officers Lindsey, Scott, Gaddis, Reinert, Does, and Sgt. Zimmerman.

### ii.    Unlawful Arrest

Vidal alleges Section 1983 claims against officers for warrantless arrest, malicious arrest, false arrest, and false imprisonment. ECF No. 23 at 13. Vidal attaches a police report that states

1   Officers Reinert, Scott, Gaddis, and Sgt. Zimmerman were involved in arresting Vidal. *Id*. at 15.

2   In support of his contention that officers lacked probable cause, Vidal attaches police reports that

3   do not state officers' reason for taking Vidal into custody. *Id*. at 10-12. Vidal also alleges that his

4   arrest did not result in "any state criminal charges or conviction[s]." *Id*. at 11.

5           "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth

6   Amendment, provided the arrest was without probable cause or other justification." *Dubner v.*

7   *City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause exists when . . .

8   a prudent person would believe the suspect had committed a crime." *Id*. at 966.

9

10          Here, the Court finds that Vidal pleads a colorable claim for unlawful arrest against

11  Officers Reinert, Scott, Gaddis, and Sgt. Zimmerman. Accepting all Vidal's allegations as true,

12  the Court finds that Vidal pleads sufficient facts to show that Officers Reinert, Scott, Gaddis, and

13  Sgt. Zimmerman lacked probable cause to arrest Vidal. *See* ECF No. 23. Vidal alleges he was at

14  his home at the time of the arrest, selling stereo equipment to an officer disguised as a customer.

15  *Id*. at 6-8. The police report Vidal attaches does not state that officers suspected Vidal committed

16  a crime, and Vidal alleges that his arrest did not result in "any state criminal charges or

17  conviction[s]." ECF No. 23 at 10-11. Therefore, the Court will order Vidal's unlawful arrest

18  claims to proceed against Officers Reinert, Scott, Gaddis, and Sgt. Zimmerman.

19

20                          **iii.        Conspiracy**

21          Vidal alleges that officers conspired to falsely arrest him. ECF No. 23 at 12. Vidal alleges

22  that officers "were lying in wait surveilling [his] home while conspiring to violate his rights. *Id*.

23  In support of his claim, Vidal attaches a police report stating that officers surveilled Vidal's home

24  and contacted Vidal about stereo equipment he was selling, posing as a customer. *Id*. at 10.

25          Here, Vidal fails to state which officers he wishes to bring conspiracy claims against. *See*

26  *id*. at 12. Accordingly, the Court will dismiss Vidal's conspiracy claims without prejudice and

27

28

with leave to amend. If Vidal wishes to amend his complaint, he must state how each officer "reached a unity of purpose" to violate his rights. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 935 (9th Cir. 2012).

### E.    AMENDMENT

Vidal is advised that if he files an amended complaint, this complaint (ECF No. 23) no longer serve any function in this case. As such, if Vidal files an amended complaint, each claim and the involvement of each party must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make Vidal's amended pleadings complete. The amended filing must be complete in and of itself without reference to prior pleadings or to other documents.

## III.    CONCLUSION

IT IS THEREFORE RECOMMENDED that Vidal's claims be DISMISSED to the extent he seeks to bring them on behalf of a class**.**

IT IS ORDERED that Vidal's claims be DISMISSED against Las Vegas Metropolitan Police Department, Nevada Parole and Probation, Sheriff Joe Lombardo, Governor Sisolak, Public Safety Director Wright, and all Officers (Lindsey, Reinert, Scott, Gaddis, Does , and Sgt. Zimmerman) in their official capacity without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Vidal's Section 1983 claims for unreasonable search under the Fourth Amendment will PROCEED against Officers Lindsey, Scott, Gaddis, Reinert, Does, and Sgt. Zimmerman.

IT IS FURTHER ORDERED that Vidal's Section 1983 claims for unlawful arrest will PROCEED against Officers Reinert, Scott, Gaddis, and Sgt. Zimmerman.

IT IS FURTHER ORDERED that Vidal's conspiracy claims be DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Vidal wishes to amend his complaint, he must do so by December 17, 2020.

## IV.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 17, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE