# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Francisco Vidal, | Case No. 2:19-cv-01334-JAD-BNW |
| Plaintiff, | **Order** |
| v. | |
| J Lindsey, et al., | |
| Defendants. | |

Before the Court is pro se Plaintiff Francisco Vidal's motion requesting several forms of relief. ECF No. 36. No defendants have been served and thus, no response was (or will be) filed.

## I.   Background

Plaintiff previously filed a motion to proceed *in forma pauperis*, which was granted. ECF No. 13. In November 2020, the Court screened his complaint and recommended that some claims proceed and some claims be dismissed. ECF No. 33. The district judge assigned to this case adopted this report and recommendation in December 2020. ECF No. 34.

Now, in July 2021, Plaintiff requests several forms of relief. ECF No. 36. Plaintiff requests that (1) any delays be excused; (2) Defendants be served; (3) the case proceed; (4) the Court send him any recent orders or recommendations; (5) the court send him a copy of his complaint; and (6) his address be updated to High Desert State Prison. *Id.* The Court responds to these requests as follows.

First, Plaintiff requests that his delays be excused, that Defendants be served, and that this case proceed. ECF No. 36. Plaintiff delayed over six months in serving Defendants. Federal Rule of Civil Procedure 4(m) provides, in part, "If a defendant is not served within 90 days after the

complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

For the first step, good cause is equated with diligence. *Hunter v. Nat'l Relocation Van Lines*, 2018 WL 3633918, at *2 (D. Nev. July 31, 2018). At a minimum, however, good cause means excusable neglect. *In re Sheehan*, 253 F.3d at 512. A plaintiff may be required to show the following factors to bring an excuse to the level of good cause: (1) the party to be served received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *Id.* at 512. The Court must afford a pro se civil rights litigant "considerable leeway," "especially when the litigant is incarcerated." *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1982) (emphases omitted), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

At the second step, Rule 4 "permits the district court to grant an extension even in the absence of good cause," so long as there is excusable neglect. *Efaw*, 473 F.3d at 1040; *Lemoge*, 587 F.3d at 1197. The Ninth Circuit has not articulated a test to determine excusable neglect, but the trial court's discretion at the second step "is broad." *In re Sheehan*, 253 F.3d at 513. Other courts have allowed the following equitable factors to guide their discretion: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Trueman v. Johnson*, 2011 WL 6721327, at *5 (D. Ariz. 2011).

Here, Plaintiff does not demonstrate good cause or excusable negligent for waiting over six months to serve defendants. Plaintiff states that he has been unable to receive court orders due to pandemic-related issues. ECF No. 36. However, Plaintiff provides no further explanation for

1  this assertion, no orders have been returned as undeliverable, and Plaintiff never brought this
2  issue to the Court's attention or requested help in receiving court orders. Accordingly, Plaintiff
3  has not met his burden to show that the time for service should be enlarged. If Plaintiff would like
4  his delay in serving Defendants excused, Defendants to be served, and this case to proceed, he
5  must file a motion requesting enlargement of the time for service and requesting that Defendants
6  be served. In his motion, Plaintiff must show good cause or excusable neglect for waiting to serve
7  Defendants, as explained above. Plaintiff must file this motion by August 20, 2021, or the Court
8  may recommend that this case be dismissed.

9  Second, Plaintiff requests that the Court send him copies of recent orders and
10 recommendations, as well as a copy of his complaint. The Court will kindly ask the Clerk of
11 Court to send Plaintiff a copy of the Court's report and recommendation at ECF No. 33, the
12 Court's order at ECF No. 34, and Plaintiff's complaint at ECF No. 23.

13 Third and finally, the Court has already updated Plaintiff's address, as he requests.

14 **IT IS THEREFORE ORDERED** that Plaintiff's motion at ECF No. 36 is GRANTED in
15 part and DENIED in part, as explained in this order.

16 **IT IS FURTHER ORDERED** that if Plaintiff would like his delay in serving Defendants
17 excused, Defendants to be served, and this case to proceed, he must file a motion requesting
18 enlargement of the time for service and requesting that Defendants be served. In his motion,
19 Plaintiff must show good cause or excusable neglect for waiting to serve Defendants, as explained
20 above. Plaintiff must file this motion by August 20, 2021, or the Court may recommend that this
21 case be dismissed.

22 **IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff a copy of the
23 Court's report and recommendation at ECF No. 33, the Court's order at ECF No. 34, and
24 Plaintiff's complaint at ECF No. 23.

25 DATED: August 1, 2021.

26
27                                                         BRENDA WEKSLER
                                                           UNITED STATES MAGISTRATE JUDGE
28