# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Francisco Vidal, | Case No. 2:19-cv-01334-JAD-BNW |
| Plaintiff, | |
| v. | **Order** |
| J. Lindsey, et al., | |
| Defendants. | |

Before the Court are two motions filed by Plaintiff. First, Plaintiff filed a motion to extend time for service. ECF No. 41. Second, Plaintiff filed a motion to screen his second amended complaint. ECF No. 42.[1] No defendants have been served yet, and thus, no responses to Plaintiff's motions have been (or will be) filed.

**I.    Background**

Generally, this suit arises from Plaintiff's allegations that several Las Vegas Metropolitan Police Department (LVMPD) and Nevada Parole and Probation (NV P & P) officers unlawfully entered his home and arrested him in 2019. ECF No. 23 (operative complaint).

Plaintiff previously filed a motion to proceed *informa pauperis*, which the Court granted. *See* ECF No. 13. Because the Court granted this motion, it screened Plaintiff's complaint. *See id.* The Court dismissed Plaintiff's complaint without prejudice and with leave to amend. *See id.* Plaintiff then amended his complaint in April 2020, which the Court again screened. ECF No. 33. This time, the Court dismissed some claims but allowed other claims to proceed. *Id.*

---

[1] ECF Nos. 41 and 42 are the same motion, properly filed twice on the docket as they request two different forms of relief.

In August 2021, Plaintiff filed the pending motions to extend time to serve and for the Court to screen his second amended complaint. *See* ECF Nos. 41, 42.

## II.     Motion to Extend Time to Serve (ECF No. 41)

Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

For the first step, good cause is equated with diligence. *Hunter v. Nat'l Relocation Van Lines*, 2018 WL 3633918, at *2 (D. Nev. July 31, 2018). At a minimum, however, good cause means excusable neglect. *In re Sheehan*, 253 F.3d at 512. Additionally, the Court must afford a pro se civil rights litigant "considerable leeway," "especially when the litigant is incarcerated." *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1982) (emphases omitted), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Here, Plaintiff has demonstrated good cause to enlarge the time to serve. He explains that he did not receive the Court's last screening order (which allowed claims to proceed) until August 2, 2021, shortly before he filed this motion. ECF No. 41 at 2. The Court also observes that Plaintiff is a pro se, incarcerated litigant. Accordingly, the Court affords Plaintiff considerable leeway and finds that he established good cause for his delay in serving Defendants. As such, the Court will extend the time to serve Defendants. Further instructions and deadlines are provided below for what Plaintiff must do to serve Defendants.

## III.    Motion to Screen Second Amended Complaint (ECF No. 42)

Plaintiff requests that the Court screen a second amended complaint he filed at ECF No. 44. The Court will deny this motion. In the Court's last screening order, it ordered Plaintiff to file an amended complaint (if he was going to do so) by December 17, 2020. ECF No. 33 at 12. Plaintiff did not comply with this deadline, nor has he moved to extend it. Accordingly, the Court will deny Plaintiff's request to screen the second amended complaint, and ECF No. 23 will remain the operative complaint (subject to the Court's screening orders at ECF Nos. 33 and 34).

The Court further notes that even if Plaintiff had moved to extend the time to file an amended complaint, the Court would be unable to allow claims to proceed based on Plaintiff's second amended complaint. The second amended complaint is very confusing. Plaintiff appears to sue nine different individuals and entities, all in their individual and official capacities. *See* ECF No. 44 at 2-3. Plaintiff brings three different "claims," but each claim includes several different causes of action. *Id.* at 5-16 (claim 1 includes lying in wait, mental anguish, unreasonable search and seizure, and conspiracy; claim 2 includes gross negligence, respondent superior, conspiracy, and failure to supervise and train; and claim 3 includes unreasonable search and seizure, unlawful arrest, and conspiracy). And it is unclear which defendants Plaintiff is attempting to bring each claim or cause of action against. *See id.* Finally, it is often not clear in the proposed second amended complaint which defendants engaged in which actions Plaintiff alleges occurred. *See id.* Accordingly, even liberally construing the second amended complaint, the Court is unable to determine exactly what claims Plaintiff is attempting to allege against which defendants.

Plaintiff is advised that during the litigation, he is not precluded from filing an appropriate motion to amend under the Federal Rules of Civil Procedure.

**IV.     Conclusion**

IT IS ORDERED that Plaintiff's motion to extend time to serve (ECF No. 41) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff five blank copies of form USM-285.

IT IS FURTHER ORDERED that Plaintiff shall have until **January 10, 2022** to fill out and file the required USM-285 forms. On the forms, Plaintiff must fill in defendants' last-known addresses.

IT IS FURTHER ORDERED that the Clerk of Court is directed to issue summonses for defendants using the addresses Plaintiff provides on the filed USM-285 forms.

IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this order, the issued summonses, the filed USM-285 forms, and the operative complaint (ECF No. 23) on the U.S. Marshals Service.

IT IS FURTHER ORDERED that upon receipt of the USM-285 forms, the U.S. Marshals Service shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on defendants.

IT IS FURTHER ORDERED that Plaintiff's motion to screen (ECF No. 42) is DENIED.

DATED: December 14, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE