# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Francisco Vidal,

     Plaintiff

v.

J. Lindsey, et al.,

     Defendants

Case No.: 2:19-cv-01334-JAD-BNW

**Order Granting in Part Plaintiff's Motion for Copies**

[ECF No. 54]

Pro se plaintiff Francisco Vidal filed this civil-rights action while he was incarcerated at High Desert State Prison.[1]  The magistrate judge screened his complaint, found that his some of his claims were adequately pled, and gave him leave to amend the others by December 17, 2020.[2]  He didn't amend by that deadline and didn't otherwise prosecute his case until July 2021, when he filed a motion to excuse his delays.[3]  A month later, he filed a motion for the magistrate judge to screen another amended complaint.[4]  The magistrate judge denied both of those motions, clarified that Vidal's prior screened complaint remained the operative complaint, and granted Vidal an extension of time to serve the remaining defendants.[5]  That order was returned as undeliverable because Vidal had been paroled.[6]

The magistrate judge ordered Vidal to file a notice with his updated address by January 10, 2022, and warned him that failure to do so would result in the recommendation that his case

---

[1] ECF No. 23.

[2] ECF No. 33.

[3] ECF No. 36.

[4] ECF No. 42.

[5] ECF No. 45.

[6] *See* ECF No. 46.

be dismissed.[7]  That order was also returned, and Vidal never updated his address, so the magistrate judge recommended dismissal.[8]  No objection was filed, so I adopted the recommendation and dismissed Vidal's case because he failed to comply with court orders and the action could not realistically proceed without the ability to contact Vidal.[9]

Five months after his case was dismissed, Vidal filed a "motion for recent orders to be resent and motion for copy of complaint."[10]  He lists the same address—High Desert State Prison—that was previously on file but appears to contend that it is his current address.  He asks that I excuse his delays and resend "recent orders and reports" to his current address, explaining that he didn't have a stable address while paroled and could not access his email account.[11]  He also asks for the "opportunity to respond" to those orders.[12]

This case has been closed for more than five months as a result of Vidal's failure to update his address and otherwise prosecute his case.  He has not shown good cause for an extension of any response deadlines that expired during those five months.  If he wishes to move this court to reopen his case or take some other action, he must file the appropriate motion seeking such relief and demonstrating both good cause and excusable neglect.  So I grant his motion insofar as I order the Clerk of Court to send him copies of his operative complaint and other orders in this case, but I deny his request that he be given an opportunity to respond to those orders.  Vidal is cautioned that the court will not routinely send out additional copies of

---

[7] ECF No. 47.

[8] *See* ECF No. 48; ECF No. 50; ECF No. 53; ECF No. 49.

[9] ECF No. 51.

[10] ECF No. 54.

[11] *Id.*

[12] *Id.*

orders that were missed because of a failure to update an address.  This is a one-time accommodation and will not likely be granted again in this case.  Vidal is responsible for keeping his address updated with the court.

### Conclusion

IT IS THEREFORE ORDERED that Francisco Vidal's motion for copies of recent orders **[ECF No. 54] is GRANTED in part**: t**he Clerk of Court is directed to resend Vidal a copy of: (1) his operative complaint at ECF No. 23; (2) the magistrate judge's screening order at ECF No. 33; (3) the order extending time to serve defendants at ECF No. 45; (4) the report and recommendation at ECF No. 49; and (5) my order adopting that report and recommendation and the entry of judgment at ECF Nos. 51 and 52.**

Vidal's request that he be given the opportunity to respond to past recommendations and orders **is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
September 26, 2022